

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Michael J. Grudberg
*Partner*
P 212.216.8035
Email: mgrudberg@tarterkrinsky.com

March 8, 2024

Hon. Jennifer L. Rochon
U.S. District Court Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1920
New York, NY 10007-1312

Re:   *Heath v. EcoHealth Alliance* – Case No. 1:23-cv-08930-JLR

Your Honor:

We represent Defendant EcoHealth Alliance ("EcoHealth Alliance") in the above-captioned matter. Defendant submits this letter motion setting forth the reasons why a discovery stay is warranted, as was discussed during the January 11, 2024 Pretrial Conference and noted in the Court's January 11, 2024 Order. (ECF No. 26).

Under Federal Rule of Civil Procedure 26(c), "a district court may stay discovery during the pendency of a motion to dismiss for "good cause" shown. "[G]ood cause may be shown where a party has filed . . . a dispositive motion such as a motion to dismiss. This is especially so where the stay is for a 'short' period of time and the opposing party . . . will not be prejudiced by the stay" (indeed, the parties jointly request the relief). *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94-cv-2120 (LMM) (AJP), 1996 WL 101277, at *2 (S.D.N.Y. Mar. 7, 1996); *see also Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). "In considering a motion for stay of discovery pending a dispositive motion, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-cv-5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); *see also Am. Fed'n of Musicians & Emps.' Pension Fund v. Atl. Recording Corp.*, No. 1:15-cv-6267 (GHW), 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016) (where the Court stayed discovery, noting that the defendant "put forth in its motion multiple, independent arguments for dismissal and the motion 'appears not to be unfounded in the law.'") (internal citations omitted).

**The Strength of the Underlying Motion**

EcoHealth Alliance believes that its motion to dismiss makes a strong showing, through multiple well-supported arguments, that Plaintiff's complaint should be dismissed in its entirety. ("Defendant's Motion to Dismiss", ECF No. 29). This Court has previously held this factor to weigh heavily in favor of granting a motion to stay discovery. *See, e.g., Press v. Primavera*, No.

The Honorable Jennifer L. Rochon
March 8, 2024
Page 2

1:21-CV-10971 (JLR), 2022 WL 17736916, at *2 (S.D.N.Y. Dec. 16, 2022) ("Because Defendant's success on the motion to dismiss would dispose of the entire action, this factor weighs in favor of granting the requested stay."); *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (noting that the "motion to dismiss cuts in favor of a stay because it 'is potentially dispositive, and appears to be not unfounded in the law.'") (internal citations omitted).

Beyond the strength of the arguments set forth in its motion, EcoHealth Alliance also submits that the numerous motions to dismiss that EcoHealth Alliance has been granted in state court cases making similar claims, some of them involving plaintiffs represented by counsel to the Plaintiff in this litigation.[1] The motions to dismiss were granted in each of these cases prior to any exchange of discovery requests. For these reasons, EcoHealth Alliance asks that the Court stay discovery in this litigation.

**The Breadth of Discovery**

Indeed, the "breadth of discovery" in the case will be significantly affected by the Court's ruling on Defendant's motion to dismiss. If discovery proceeds while this motion is pending, Defendant anticipates—based on the discovery that Plaintiff has served on Defendant thus far—that the scope of discovery sought will be extremely expansive.[2] *See Broccoli v. Ashworth*, No. 21-CV-6931 (KMK), 2023 WL 6795253, at *2 (S.D.N.Y. Oct. 11, 2023) (noting that "[p]laintiffs' RFPs are substantial and impose significant discovery obligations on [d]efendants at this early stage in the case."); *see also Hertz Glob. Holdings, Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh*, No. 19-CV-6957 (AJN), 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020) (where the Court held

---

[1] *See Defendant's Motion to Dismiss* at n. 6; *see also Cosola v. EcoHealth Alliance*, 3:23-cv-00073-KC, ECF No. 21 (W.D.Tex. September 13, 2023) (granting a stay of discovery in light of the anticipated addition of the United States as a defendant and EcoHealth Alliance's pending motion to dismiss).

[2] Notably, while some requests are limited to—albeit still expansive— specific time periods, Plaintiff's document requests do not identify a limited time period for which documents would be searched. Rather, they include an instruction stating that "[a]ll discovery requests are to be regarded as concerning past and present incidents, activities, and practices." As such, and combined with their overly vague nature, Plaintiff's requests attempt to initiate incredibly expansive and burdensome discovery (e.g., requests for "[a]ny and all documents that concern or are at all relevant to the COVID-19 incident described in the Complaint," and "[a]ll documents and communications between or among Ecohealth Alliance, including any of its subsidiaries or affiliated individuals, and" 30 individuals.)

The Honorable Jennifer L. Rochon
March 8, 2024
Page 3

that even when plaintiff served only one document request on defendant, that "one request was expansive enough in its wording to impose significant discovery obligations on Defendants.")

Accordingly, EcoHealth Alliance seeks to avoid this potentially unnecessary burden.

**Possible Prejudice**

Finally, the requested stay of discovery is at a nascent stage in the case and is being requested only for a short time—until the Court has had an opportunity to consider EcoHealth Alliance's motion, once it is fully briefed and ripe for resolution. *See Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 WL 1893316, at *3 ("because [the] motion to dismiss has now been fully briefed any stay would last briefly.") (internal citation and quotations omitted).

Further, this Court has found there not to be prejudice to a plaintiff where "most of the relevant discovery is possessed by entities who will not lose or destroy it." *Press v. Primavera*, 2022 WL 17736916, at *2. This is the case here as well. Accordingly, EcoHealth Alliance submits that a stay is appropriate in this case for good cause shown, and thanks the Court for its consideration of this matter.

Respectfully submitted,

/s/ Michael J. Grudberg

Michael J. Grudberg

Having considered the parties' arguments as presented at ECF Nos. 28 and 33, the Court finds that Defendant has shown good cause to stay discovery pending the Court's resolution of Defendant's motion to dismiss. "In exercising th[eir] discretion [to stay discovery], courts generally consider . . . (1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Press v. Primavera*, No. 21-cv-10971 (JLR), 2022 WL 17736916, at *1 (S.D.N.Y. Dec. 16, 2020) (fourth alteration in original) (quotation marks and citation omitted). All three factors favor staying discovery at this juncture. First, the Court finds that the breadth of discovery sought by Defendant is rather substantial, especially given the lack of any time-based limits to some of Defendants' requests. *See* ECF No. 28 at 2 n.2. Second, the Court finds that a stay would not cause Plaintiff to suffer unfair prejudice in the relevant sense. *See, e.g.*, *Broccoli v. Ashworth*, No. 21-cv-06931 (KMK), 2023 WL 6795253, at *2 (S.D.N.Y. Oct. 11, 2023) ("At this stage of the litigation, . . . a delay in discovery, without more, does not amount to unfair prejudice." (citation omitted)). In so finding, the Court expects, of course, that Defendant will abide by its preservation obligations. Third, the Court finds that Defendant's motion is sufficiently strong to caution against permitting discovery here, insofar as Defendant raises "substantial arguments for dismissal." *Gross v. Madison Square Garden Ent. Corp.*, No. 23-cv-03380 (LAK) (JLC), 2023 WL 6815052, at *1 (S.D.N.Y. Oct. 17, 2023) (citation omitted). At the very least, a stay may "have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable." *Spinelli v. Nat'l Football League*, No. 13-cv-07398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). Taking these factors into consideration, the Court concludes that a stay is warranted at this time. *See, e.g.*, *id.* at *2-3; *Press*, 2022 WL 17736916, at *1-2. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 28.

Dated:   March 25, 2024
         New York, New York

SO ORDERED.

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**